UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00188-FDW-SCR

| | |
|---|---|
| ZACHARY STRONG, | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| SHELTER PLUS CARE MECKLENBURG COUNTY, ET AL. | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court sua sponte following this Court's dismissal of Plaintiff's Amended Complaint and Plaintiff's failure to timely file a superseding Second Amended Complaint. (Doc. No. 4.) In that Order, the Court informed Plaintiff that failure to timely comply would result in dismissal of the case without further notice. Plaintiff failed to file a Second Amended Complaint, and the time for doing so has long expired.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action for failure to prosecute or for failure to comply with court rules or orders. Fed. R. Civ. P. 41(b). This authority also springs from the court's inherent powers to manage its docket. Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019); see also Link v. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). In determining whether to dismiss a case for failure to prosecute, the Court should consider, among other things: 1) Plaintiff's degree of personal responsibility; (2) prejudice to Defendants; (3) the presence of a drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Attkisson, 925 F.3d at 625 (citation omitted).

1

Here, Plaintiff failed to comply with this Court's order and has also failed to prosecute his claims against Defendants because he failed to timely amending the Complaint as required by Rule 8(a) of the Federal Rules of Civil Procedure. After considering the factors typically applied in the Fourth Circuit, the Court concludes dismissal is appropriate. See <u>Attkisson</u>, 925 F.3d 606 (holding the district court did not abuse its discretion in involuntarily dismissing the complaint for failure to comply with court orders); <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989) (affirming "the district court's dismissal of his suit for failure to obey a court order"). Accordingly, this case is summarily dismissed without further leave to amend, as Plaintiff has already had an opportunity to do so. See <u>Britt v. DeJoy</u>, 45 F.4th 790, 798 (4th Cir. 2022); see also <u>Workman v. Morrison Healthcare</u>, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018).

**IT IS THEREFORE ORDERED** that Plaintiff's case is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND, and the Clerk is respectfully directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: June 26, 2024

Frank D. Whitney
United States District Judge